**STATEMENT OF FACTS FOR COMPLAINT**

I, Scott Stein a Special Agent (hereinafter "affiant") with Homeland Security Investigations, being duly sworn, depose and state as follows:

I have been employed as a Special Agent of the U.S. Department of Homeland Security, Homeland Security Investigations ("HSI") since October 2009, and am currently assigned to the child exploitation investigations group of the Washington, DC Field office.  While employed by HSI, I have investigated federal criminal violations related to high technology or cybercrime, child exploitation, and child pornography.  I have gained experience through training at the Federal Law Enforcement Training Center (FLETC), attendance at law enforcement conferences dedicated to child exploitation offenses, attendance at various training courses related to the investigation of child exploitation offenses and everyday work relating to conducting these types of investigations.  I have received training in the area of child pornography and child exploitation, and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media. Moreover, I am a federal law enforcement officer who is engaged in enforcing the criminal laws, including 18 U.S.C. §§ 2251, 2252, and 2252A, and I am authorized by law to request search and arrest warrants.

This affidavit is submitted in support of a complaint charging Nicholas A. Stengel (hereinafter "STENGEL") with Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4). The facts and information contained in this affidavit are based upon my personal knowledge of the investigation, a review of the documents obtained in this case, and discussions with other law enforcement officers involved in the investigations. This affidavit contains

information necessary to support probable cause for this complaint. It is not intended to include each and every fact and matter observed by me or known to the government.

On February 24, 2003, STENGEL pled guilty in the United States District Court for the District of Columbia for violations of 18 U.S.C. §§ 2252A(a)(2) and 2256(8)(A) (Certain Activities Relating to Material Constituting or Containing Child Pornography). After the Federal Bureau of Investigation (FBI) learned from STENGEL's employer that STENGEL was accessing child pornography websites while at work, the FBI executed search warrants at STENGEL's residence and his places of employment. Following a forensic analysis on STENGEL's computers and electronic storage, the FBI identified more than 79,335 images and 230 video files depicting child pornography.

Beginning in September 2017, law enforcement initiated a large scale investigation into a darknet child pornography website. Law enforcement subsequently learned that STENGEL was a paying customer of this website and thousands of videos depicting child pornography were downloaded using his account. Accordingly, on March 15, 2018, your affiant applied for a search warrant, under seal, to search STENGEL's residence and place of employment in Washington, D.C., and to forensically analyze digital devices seized.

On March 22, 2018 at approximately 6:05 am, your affiant and other members of law enforcement executed the search warrant at STENGEL's residence located in Washington, D.C. Law enforcement announced "police" and "warrant" while at STENGEL's front door. STENGEL's wife responded to the door, but she initially refused to allow law enforcement inside without first viewing the search warrant. Once STENGEL's wife complied and opened the door for law enforcement, she admitted that STENGEL was inside the home. Law enforcement called for STENGEL to appear, and reiterated "police" and "warrant," however

STENGEL failed to comply with the requests. Law enforcement proceeded through the residence in order to locate STENGEL, who was subsequently located in the bathroom, standing in the bathtub, holding a knife. STENGEL was ordered to drop the knife and he complied. Law enforcement immediately observed that STENGEL had multiple deep lacerations to both of his wrists and his neck and observed that he had lost a lot of blood. STENGEL was assisted out into the living room so he could receive immediate medical aid.

Your affiant treated STENGEL's wounds until Emergency Medical Services (EMS) arrived on scene. However, as your affiant was treating STENGEL's wounds, STENGEL spontaneously stated to your affiant "for your search, look there and there," while pointing to a laptop and a messenger bag in the living room. Your affiant clarified that STENGEL was pointing to the Asus laptop and messenger bag, and STENGEL replied yes. STENGEL was subsequently transported to George Washington Hospital for life-saving medical treatment.

At STENGEL's residence, law enforcement seized an Asus laptop, a Toshiba hard-drive with serial number 25LBTIZVTPDC, a password protected Apple iPhone, a Western Digital hard-drive, a Quantum Fireball 20.4 gigabyte hard-drive, a Nexus tablet, an Amazon tablet, and an Acer laptop, among other items.

While on site, a Computer Forensic Analyst (CFA) with HSI performed a preliminary forensic preview of some of the electronic devices. The CFA identified child pornography files on the Asus laptop, the Toshiba hard-drive, and the Quantum Fireball 20.4 gigabyte hard-drive. The Toshiba hard-drive was located in the messenger bag that STENGEL had identified to your affiant. STENGEL's wife identified that this messenger bag belongs to STENGEL.

Specifically, on the Toshiba hard-drive, the CFA identified in one of the master file folders numerous sub-folders whose names indicted the presence of images and/or videos. The

CFA located in the master file folder and corresponding sub-folders approximately 6,884 video files and 805,457 image files that appear to depict child pornography.

Law enforcement subsequently performed a more in-depth forensic analysis of the Asus laptop, which STENGEL had identified to your affiant as a device that your affiant should search. Located on the Asus laptop were numerous depictions of child pornography. Your affiant specifically viewed the following two child pornography video files located on the Asus laptop. One video was titled "Al&boy.mp4" and was approximately three minutes and twenty-nine seconds long. This video shows a prepubescent male child, approximately eight years old, and a prepubescent female child, approximately six years old, engaged in sexual activities with each other. The female child is seen performing fellatio on the male child and the male child is seen engaging in vaginal intercourse with the female child. Another video was titled "beavs-girl-05.mp4" and is less than a minute in length. The video shows a prepubescent female child, approximately five years old, sitting on a bed with her legs spread and her vagina exposed. An adult male is seen masturbating and subsequently ejaculating onto the child's vagina. Also identified on the Asus laptop were numerous documents pertaining to STENGEL's current employment, an electronic copy of an event ticket purchased in STENGEL's name, and a Certificate of Completion for Food Safety and Sanitation in STENGEL's name.

Accordingly, based on the above facts, your affiant submits that there is probable cause to believe that on or about March 22, 2018, within the District of Columbia, STENGEL committed the offense of Possession of Child Pornography, in violation of Title 18 U.S.C. § 2252(a)(4).

                                                                      _____
                                                                      Special Agent Scott Stein
                                                                      Homeland Security Investigations

Sworn and subscribed to before me this _____ day of March, 2018.

                                                                      _____
                                                                      Robin M. Meriweather
                                                                      United States Magistrate Judge